THE STATE OF OHIO, APPELLEE, *v.* JACKSON, APPELLANT.

(No. 40377—Decided March 27, 1980.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee. *Mr. Hyman Friedman, Mr. Jonathan E. Coughlan* and *Ms. Sheri A. Schoenberg,* for appellant.

DAY, J. Defendant-appellant, Charles Jackson (defendant), was found guilty of grand theft, R. C. 2913.02, in a case tried to a jury. For reasons assessed below, the conviction is affirmed.

I.

According to the testimony of the state's witnesses, defendant was observed at the jewelry counter of the downtown store of the Higbee Company by store security guards dressed in plain clothes. He proceeded to run out of the store and was apprehended a short distance away. Immediately prior to his capture, the guards saw defendant drop a ring on the ground. Three of the four guards who testified stated that they never lost sight of defendant from the time he was observed at the counter until his capture.

Defendant testified in his own behalf. He stated that he had been inside the store immediately prior to being captured but that he was not at the jewelry counter. He was waiting for a bus when he observed several persons running in his direction. He began to flee when he noticed they were carrying

guns because he had once been shot in the back during a robbery and these individuals were not wearing uniforms.

Defendant filed a timely appeal and assigned three errors. Additional facts are recited under the relevant assignments.

## II.

*Assignment of Error No. I:*

*"The trial court erred in refusing to allow appellant to enter a plea of guilty."*

Defendant's first trial in this cause ended in a mistrial for reasons discussed under the second assignment of error. Prior to the commencement of the initial trial, defendant sought to enter a plea of guilty to grand theft. The prosecution stated that it would agree to a dismissal of another pending grand theft charge. The trial court refused to accept the plea because defendant would not admit that he was, in fact, guilty of the offense. Rather, he apparently wished to avoid trial because of "a matter concerning my family", and because he hoped that such a plea might lighten his sentence.

Defendant claims that it was error to refuse to accept his plea of guilty.

At the outset it must be noted that "[a] criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court", *North Carolina* v. *Alford* (1970), 400 U. S. 25, 38 at fn. 11. And while "the States may by statute or otherwise confer such a right", *id.*, no constitutional provisions, court decisions, or statutes in Ohio have done so.

*Alford* recognized that it is constitutionally permissible to accept a guilty plea despite protestations of innocence, where there is a strong factual basis for the plea, *id.* at 38. The Supreme Court also noted that the states could forbid acceptance of guilty pleas tendered by defendants protesting their innocence, *id.* at 38, fn. 11.

Ohio Crim. R. 11, like its federal counterpart, vests a measure of discretion in the trial court in determining whether to accept a plea:

"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally ∗∗∗." Crim. R. 11(C)(2).

The language of the Rule obviously contemplates situations in which the trial court has within its discretion the acceptance of the plea, notwithstanding that it is otherwise valid in all respects, see *Alford, supra,* at 38, fn. 11; *United States* v. *Bednarski* (C.A. 1, 1971), 445 F. 2d 364, 365; *McCoy* v. *United States* (C.A. D.C., 1966), 363 F. 2d 306, 308; *Maxwell* v. *United States* (C.A. 9, 1966), 368 F. 2d 735, 738-739.

This discretion is to be exercised cautiously, *Kercheval* v. *United States* (1927), 274 U. S. 220, 223-224, yet reasonably, *United States* v. *Ammidown* (C.A. D.C., 1973), 497 F. 2d 615, 619-623; *Griffin* v. *United States* (C.A. D.C., 1968), 405 F. 2d 1378, 1380. A guilty plea that is made voluntarily and intelligently should not be rejected without good reason, *McCoy* v. *United States, supra,* at 307; *Griffin* v. *United States, supra,* at 1380.

The record here is ambiguous as to why the trial court refused to accept the tendered plea. The chief reason appears to be due to defendant's refusal to admit his guilt. While "a serious question concerning abuse of discretion" might be present if this were the sole reason for rejecting the plea,[1] *United States* v. *Bettelyoun* (C.A. 8, 1974), 503 F. 2d 1333, 1335, several factors, apparent in the record, indicate that this was not the court's exclusive motivation.

It is reasonable to infer from the record that the trial court suspected that the plea was not voluntarily and intelligently entered. A disagreement between defendant and his counsel had been brought to the attention of the trial court prior to a hearing on a motion to suppress, see *United States* v. *Bettelyoun, supra,* at 1336. The tender of the plea occurred after the motion hearing was completed and the colloquy between the court and defendant reveals that defendant could not provide cogent and consistent reasons for tendering the plea of guilty.

[1] "***While it would be improper for a court to accept such a plea unless satisfied there was significant evidence that the accused was involved or implicated in the offense, the court is not required to insist that the accused concede the inevitability or correctness of a verdict of guilty were the case tried. Such a verdict would depend upon a jury being satisfied of guilt beyond a reasonable doubt. An accused, though believing in or entertaining doubts respecting his innocence, might reasonably conclude a jury would be convinced of his guilt and that he would fare better in the sentence by pleading guilty;***." *McCoy* v. *United States, supra,* at 308.

"Faring better" was, apparently, one of defendant's reasons for tendering the plea.

Under these circumstances, the trial court cannot be held to have abused its discretion in rejecting the proffered plea. The first assignment of error is without merit.

III.

*Assignment of Error No. II:*
*"The trial court erred in overruling appellant's motion for leave to enter plea of former jeopardy and motion to dismiss."*

During the impaneling of the jury for the first trial, the prosecutor stated to the venire: "I believe that the defendant is guilty. I intend to prove it". Upon objection, the trial court gave a curative instruction. Defense counsel also moved unsuccessfully for a mistrial.

In the course of the initial trial, defendant claims that a prosecution witness was asked if she had given a statement to the police or if she had signed such a statement. Contrary to her denials, it was later discovered that she had, in fact, signed a statement. Defendant's motion for a mistrial was granted, apparently on the ground that the prosecution failed to comply with a discovery order. Defendant claims that these two instances of prosecutorial misconduct were sufficient to justify a conclusion that the prosecutor was acting in bad faith or for the purpose of harassing defendant. It follows, he claims, that a second prosecution is barred under the Double Jeopardy Clause.

If defendant's claim could be substantiated by the record, further prosecution might well be barred, *United States* v. *Dinitz* (1976), 424 U. S. 600, 611; see also *State* v. *Workman* (1977), 60 Ohio App. 2d 204, 207-208. For while a "motion by the defendant for [a] mistrial is ordinarily assumed to remove any barrier to reprosecution", *United States* v. *Jorn* (1971), 400 U. S. 470, 485, "[t]he Double Jeopardy Clause does protect a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions***", *United States* v. *Dinitz, supra,* at 611. But the record does not contain a full transcript of the first trial. There is only the jury *voir dire.*

Assuming that the two instances referred to could, cumulatively, warrant a finding of bad faith or harassment, the

solitary instance appearing in the record (the prosecutor's statement of his belief in defendant's guilt) is not sufficient to justify that conclusion.[2]

The record fails to demonstrate the claimed error. The second assignment is without merit.

## IV.

*Assignment of Error No. III*:

*"The trial court erred in limiting defense counsel's cross-examination of Christopher Ayers, thereby denying appellant his Sixth Amendment right to effective confrontation through cross-examination."*

In the second trial, one Christopher Ayers was called to testify by the prosecution as a rebuttal witness. Defense counsel asked these questions:

"And do you yourself, or does the Higbee Company carry any liability insurance on you or their security personnel?

"* * *

"Officer, have you ever known, or have you yourself any personal knowledge of lawsuits being instituted against security personnel for false arrest?"

The questions drew objections by the prosecutor which were sustained by the trial court. Counsel was instructed to abandon this line of questioning.

Defendant claims that his right to confrontation was impermissibly infringed by this severe restriction on cross-examination. The assertion lacks merit.

Limitations on the scope of cross-examination are within the discretion of the trial judge. There is no indication in the record that this discretion was abused. The questions sought answers of limited, *if any,* relevance. And defendant offers no explanation to support relevance. Nor does he refer to anything in the record which might warrant a finding of prejudice.

The third assignment of error is not well taken.

---

[2] What actually appears in the record with respect to the witness' statement serves to rebut defendant's claim of prosecutorial bad faith or harassment. Rather, it appears that the prosecutor's omission was, at worst, negligence. Moreover, when the witness' statement was produced, the state claims no inconsistencies were found. Thus, it could be argued, although not relevant to the disposition of this assignment, that defense counsel was overzealous in seeking a mistrial and that the trial court over-reacted, see *United States* v. *Dinitz, supra,* at 611.

The judgment of the Court of Common Pleas of Cuyahoga County is affirmed.

*Judgment affirmed.*

PATTON, P. J., concurs.

CORRIGAN, J., concurs in judgment only.