DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Joel Helms appeals his conviction by the Summit County Common Pleas Court for one count of burglary, a felony of the fourth degree. Defendant avers that his conviction was against the manifest weight of the evidence, based upon insufficient evidence, that the state failed to establish the lack of a privilege for defendant to enter the home, and that the trial court erred by failing to declare a mistrial based upon alleged juror misconduct, by refusing to accept a guilty plea, and by failing to properly instruct the jury. We affirm the judgment of the trial court.
 I.
Defendant is the co-owner and manager of an apartment complex in Summit County, Ohio. Defendant lived adjacent to the apartment complex in a single-family residence. The lease agreements for the entire apartment complex prohibited the lessees from keeping pets on the premises. On July 21, 1997, defendant was notified that Ms. Yvonne Terrell, a.k.a Yvonne Butcher, had a dog in her apartment. Defendant picked up his .22 caliber rifle and ran to the apartment complex to further investigate the allegation. Upon arriving, defendant did not observe a dog outside any of the apartments, and he proceeded to Ms. Terrell's apartment. According to his testimony, when he reached her apartment, he knocked on the window and opened the exterior screen door. Defendant testified that the interior door was open, and after opening the screen door he stepped into the entryway of the apartment. He then pointed the rifle at the dog and stated that Ms. Terrell needed to "[g]et the dog out of here or I will shoot it." An argument between defendant and Ms. Terrell ensued. She then attempted to close the interior door, but defendant's foot became trapped in the door and he could not remove it. Defendant's brother observed the argument and upon seeing his brother's foot getting caught, he kicked the door breaking it loose from its molding and freeing defendant's foot. Defendant then left the scene, and the police were notified.
Sheriff Deputy Jason Kline was first to respond. Upon arriving, Deputy Kline spoke with the parties involved and after learning a firearm was involved immediately notified Sergeant Gabe Barone and Detective Richard Johnston. Sergeant Barone obtained defendant's consent to search his home in order to locate the rifle. Sergeant Barone then secured the weapon from defendant's residence. Defendant was taken to the Sheriff's Department where Detective Johnston took Defendant's statement. Defendant admitted that he opened the screen door and pointed the rifle at the dog. Defendant also stated that he had problems with Ms. Terrell in the past regarding pets, and had initiated eviction proceedings on several occasions. Prior to this incident, Ms. Terrell had given defendant a thirty-day notice that she was terminating her lease and leaving the apartment. However, on July 21, 1997, Ms. Terrell had not yet removed all of her belongings from the apartment and was present in the apartment, with her children, on that date. Defendant was then charged with one count of aggravated burglary, and the matter proceeded to trial before a jury.
Ms. Terrell testified during trial that both the exterior screen door and the interior door to the apartment were closed when defendant arrived. She further indicated that after defendant knocked, she opened the interior door. Defendant then opened the screen door without her permission and entered her apartment uninvited by approximately two to three steps. Ms. Terrell stated that he was pointing the rifle at her head and demanded that she remove the dog from the apartment or he would kill it. She testified that after this confrontation, defendant left, and she took the dog and placed it in her vehicle. Upon returning, Ms. Terrell stated that defendant's brother kicked in her door and began berating her for allegedly threatening his brother, and he then proceeded to fix the door until the police arrived.
On three occasions during the course of the trial, defendant attempted to enter a plea to a lesser offense. During the first attempted plea, the trial court was not satisfied that defendant was entering the plea voluntarily, and defendant's counsel withdrew the plea and indicated that the trial should proceed. During the second attempted plea, upon inquiry by the court pertaining to the voluntariness of the plea, defendant indicated that it was "what [he] must do to continue [his] life. It is not morally correct, but I have to say yes." The trial court again refused to accept the plea due to a lack of voluntariness. The following day, the trial court specifically asked whether defendant wished to proceed with the trial, and he responded affirmatively. The trial court refused to accept a plea, and the case proceeded.
During the course of the trial, the court was notified by defendant's sister that she allegedly had overheard some jurors discussing the facts of the case during a recess. However, defendant's sister was unable to identify any of the jurors as the individuals she had overheard. The trial court proceeded to individually interview each juror in chambers and in the presence of counsel regarding this incident. All twelve jurors denied having any discussion pertaining to the facts of the case, or the evidence presented. The matter then proceeded.
At the close of the state's case, defendant moved the trial court for an acquittal pursuant to Crim.R. 29. This motion was denied. During the defendant's case in chief, he presented two witnesses' testimony that he opened only the exterior screen door, pointed his rifle downward, and told Ms. Terrell to remove the dog from the premises or he would kill it. Both witnesses stated that they were unable to see at what, or whom, defendant was pointing the weapon. Defendant also testified on his own behalf, and stated that when he arrived the screen door was partially opened approximately six inches, and he then further opened it with his body and stood in the apartment's entryway. He stated that he pointed the weapon only at the dog, and after an argument with Ms. Terrell, she shut his foot in the door, and his brother kicked the door open to free him. At the conclusion of defendant's testimony he rested, and moved the trial court for an acquittal pursuant to Crim.R. 29. The trial court denied the motion.
The trial court instructed the jury regarding aggravated burglary, as well as the lesser included offense of burglary, a third degree felony. After the jury began its deliberations, the state and defense counsel requested the trial court to instruct the jury as to the additional lesser included offense of burglary, a felony of the fourth degree. The trial court acquiesced, recalled the jury, and further instructed them accordingly. However, the entire set of instructions was not given in this second instance. The jury deliberated and returned a verdict of guilty on only the fourth degree felony burglary charge. Defendant was sentenced accordingly, and this appeal followed. Defendant raises seven assignments of error, which have been rearranged for ease of discussion.
 II. Assignment of Error 3
 [Defendant's] conviction was contrary to the manifest weight of the evidence.[1]
Defendant first avers that his conviction was against the weight of the evidence. We disagree.
In considering "whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
 Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."
(Emphasis omitted.) State v. Thompkins (1997), 78 Ohio St.3d 380,387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. "`The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins, supra, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175.
The instant case is not an exceptional one in which the evidence weighs heavily against defendant's conviction. Defendant was convicted for burglary, a felony of the fourth degree, in violation of R.C. 2911.12(A)(4), which states:
 (A) No person, by force, stealth, or deception, shall do any of the following:
* * *
 (4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
Defendant argues that the evidence does not support a finding that he either used force or committed a trespass as required for a conviction of burglary pursuant to R.C. 2911.12(A)(4). We will first address his contention that the evidence does not support a finding of force.
In Goins v. State (1914), 90 Ohio St. 176, syllabus, the Ohio Supreme Court held that "[w]here any force, however slight, is required to effect an entrance into a building through a doorway partly open such act constitutes a forcible breaking." Similarly, this Court has held that opening an unlocked door is sufficient to constitute force as required by the crime of burglary. State v.McCloskey (Jan. 24, 1990), Lorain App. No. 89CA004578, unreported at 5. The rationale underlying a finding of force in such situations was aptly noted by the Second Appellate District inState v. Gregg (Oct. 26, 1992), Champaign App. No. 91-CA-15, unreported, 1992 Ohio App. LEXIS 5481, at *8:
 R.C. 2901.01(A) does not provide for any measure of the physical exertion that might constitute force, but instead looks to the purpose for which the physical exertion, however slight, has been employed. If that purpose is to overcome a barrier against the actor's conduct, whether that barrier is in the will of a victim or the closed but unlocked door of a home, the physical exertion employed to overcome the barrier may constitute force.
See, also, State v. Moore (June 18, 1980), Summit App. No. 9505, unreported at 3. In the instant case, the evidence is uncontradicted that defendant opened the outer screen door of Ms. Terrell's apartment. The only discrepancy in all the testimony comes from defendant's statement that the door was partially opened and he completed opening the door by nudging it with his body. The purpose of defendant opening the screen door was to overcome a barrier, the result of which allowed him to point his rifle at either Ms. Terrell or the dog. Based upon the record, we cannot conclude that the jury clearly lost its way in determining that defendant used force in the commission of this offense.
Defendant also argues that he did not commit a trespass as required by R.C. 2911.12(A)(4). Defendant argues that he never entered the apartment, or in the alternative, that he was privileged to enter. The evidence simply does not support his contention that he did not enter the apartment. Ms. Terrell testified that defendant opened the screen door and took several steps into her apartment. Defendant's own testimony defies the conclusion that he did not enter the apartment. He stated that after arguing with Ms. Terrell she closed the interior door on his foot causing his foot to be trapped in the door. The only logical conclusion from this testimony is that defendant's feet were placed at least partially inside the threshold of Ms. Terrell's apartment. Therefore, the evidence supports the conclusion that defendant entered Ms. Terrell's apartment. We turn next to whether defendant was privileged to make this entry.
As this Court noted in State v. Sarnescky (Feb. 12, 1986), Summit App. No. 12257, unreported at 5-6, "a defendant commits no burglary where the entry is with the intelligent consent of the owner or occupant, [however,] the consent must be given for entry at the time and under the circumstances of the entry, by one who has lawful authority to give it." Although Ms. Terrell testified that she had permitted defendant to enter her apartment in the past, such entries were for the purpose of repairs needed within the apartment. On July 21, 1997, Ms. Terrell had not contacted defendant and requested him to make repairs in the apartment. Defendant went to Ms. Terrell's apartment for the sole purpose of confronting her about harboring a dog in violation of her rental agreement. At no time did Ms. Terrell consent to defendant's entry, and as such, defendant was not privileged to make this entry. Therefore, the jury did not clearly lose its way in determining that defendant committed a trespass when he entered Ms. Terrell's apartment.
Based upon the record before us, we cannot conclude that defendant's conviction was against the manifest weight of the evidence. Accordingly, his third assignment of error is overruled.
First Assignment of Error
 The trial court erred in failing to grant [defendant's] Crim.R. 29 motion for acquittal as there was insufficient evidence of force or trespass.
 Second Assignment of Error
 The conviction of [defendant] was not supported by sufficient evidence of force or trespass.
In his first and second assignments of error defendant alleges that his conviction is not supported by sufficient evidence. Because a review of the denial of a motion for acquittal pursuant to Crim.R. 29(A) and a review of a claim of insufficiency of the evidence involve application of the same standard, defendant's first and second assignments of error will be addressed together. See State v. Davis (Dec. 16, 1998), Lorain App. No. 97CA006691, unreported at 8, n. 2.
In State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, this Court held that "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) Id. at 4. Based upon our disposition of defendant's third assignment of error finding that his conviction was supported by the weight of the evidence, his contention that his conviction was based upon insufficient evidence is overruled. Defendant's first and second assignments of error are overruled accordingly.
Fourth Assignment of Error
 The trial court erred in not finding that [defendant] had established a defense of privilege, thereby negating the element of trespass in the burglary charge.
Defendant next asserts that he was privileged to enter Ms. Terrell's apartment and, therefore, did not trespass as required for a conviction pursuant to R.C. 2911.12(A)(4). This assertion lacks merit.
In analyzing defendant's third assignment of error, we addressed the issue of privilege. Based upon our conclusion that defendant was not privileged to enter the apartment on July 21, 1997, his fourth assignment of error is overruled.
Fifth Assignment of Error
 The trial court erred in not granting a mistrial based upon juror misconduct.
Defendant next claims that the trial court erred by not granting a mistrial based upon alleged juror misconduct. We disagree.
A fundamental rule of appellate review is that a reviewing court will not consider as error any issue that a party was aware of but failed to bring to the trial court's attention. Schade v.Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210. Thus, a party has waived the right to contest an issue on appeal if that issue was in existence prior to or at the time of trial and the party did not raise it at the appropriate time in the court below. SeeLittle Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm.
(1993), 91 Ohio App.3d 76, 80. In the instant case, the record clearly indicates that defendant did not move the trial court for a mistrial. After interviewing each juror regarding an alleged conversation pertaining to the facts of the case, the trial court concluded that no such conversation took place. Thus, it cannot be held to be error for the court to have denied a motion that was never made.
Assuming, arguendo, the trial court had a duty to sua sponte
declare a mistrial based upon alleged juror misconduct, the record does not support a finding that there was in fact misconduct on the part of the jury members, and as such, defendant was not prejudiced by the trial court's failure to declare a mistrial. As this Court held in Dempsey v. Melby (Feb. 28, 1996), Summit App. No. 17287, unreported:
 In order to be entitled to a new trial based upon juror misconduct, a party must prove (1) that juror misconduct has occurred and (2) that that misconduct might have affected the trial court's judgment or improperly influenced the jury's verdict:
 "Where there has been irregularity or misconduct on the part of the jury, which might affect its judgment, or improperly influence the verdict, a new trial should be granted. Where, however, it clearly appears that no improper effect could arise from the alleged misconduct, the verdict should stand."
Id. at 9-10, quoting Armleder v. Lieberman (1877), 33 Ohio St. 77, paragraph one of the syllabus. The Ohio Supreme Court noted that
 Ohio courts have a long-standing rule "not [to] reverse a judgment because of the misconduct of a juror unless prejudice to the complaining party is shown." The defense must establish that an outside communication "biased the juror." Under Crim.R. 33(A)(2), juror misconduct must materially affect an accused's substantial rights to justify a new trial.
 (Alteration in original; citations omitted.) State v. Sheppard (1998), 84 Ohio St.3d 230, 233, quoting State v. Hipkins (1982), 69 Ohio St.2d 80, 83, and State v. Keith
(1997), 79 Ohio St.3d 514, 526.
The record in the case sub judice indicates that the trial court thoroughly interviewed each juror pertaining to an alleged conversation regarding the facts of the case. All twelve jurors indicated that no such conversation took place. In the face of these facts, defendant boldly asserts that there must have been prejudice because the "guilty" jurors failed to step forward. This naked allegation simply defies the evidence before us. Based upon defendant's failure to move for a mistrial, or at a minimum, to object to the trial proceeding, and absent a demonstration that juror misconduct actually took place, it was not error for the trial court to not declare a mistrial. Defendant's fifth assignment of error is overruled.
Sixth Assignment of Error
 The trial court erred in refusing to accept defendant's plea to criminal trespass.
Defendant next avers that the trial court erred by not accepting his guilty plea to criminal trespass. This contention is without merit.
In State v. Esposito (Dec. 30, 1994), Medina App. No. 2337-M, unreported at 8, this Court held that it is within the discretion of the trial court to accept or refuse a defendant's guilty plea. Furthermore,
 a defendant has no absolute right under the Constitution to have his guilty plea accepted. Nevertheless, it may be an abuse of discretion for a trial court to refuse to accept a guilty plea where it was voluntarily and intelligently made and where the defendant was able to articulate cogent and consistent reasons for his plea. State v. Jackson (1980), 68 Ohio App.2d 35, 37. In order to be reversible error, however, such an abuse of discretion must have been prejudicial to the defendant's case.
Id at 8-9. In the case at bar, the trial court determined on both occasions that defendant was not voluntarily entering his plea. Based upon this conclusion, the trial court refused to accept the guilty plea. In the first attempt to enter a plea, after being questioned by the trial court pertaining to the voluntariness of the plea, defense counsel withdrew the tendered plea and indicated that the trial should proceed. During the second attempted plea, upon proper inquiry by the trial court as to whether defendant wanted to enter a plea of guilty he responded: "It is what I must do to continue my life. It is not morally correct, but I have to say yes." The trial court was not satisfied that defendant was tendering the plea voluntarily and continued the matter until the following day. Upon examination by the trial court on this third occasion, defendant specifically indicated that he wanted to proceed with the trial. Based upon the record before us, we cannot conclude that the trial court acted unreasonably, arbitrarily, or unconscionably by refusing to accept defendant's plea due to a lack of voluntariness. Defendant's sixth assignment of error is overruled.
Seventh Assignment of Error
 The trial court committed prejudicial error in the manner it provided the jury instructions for burglary, as a fourth degree felony.
Finally, defendant contends that the trial court failed to properly instruct the jury. We disagree.
After fully instructing the jury, and the jury retiring to deliberate, the state and defense counsel requested the trial court to instruct the jury pertaining to burglary, a felony of the fourth degree. The trial court agreed to provide this instruction and recalled the jurors and instructed them accordingly. However, defendant now takes issue with the trial court's failure to repeat the entire set of instructions, including the fourth degree felony offense of burglary. As noted supra in defendant's fifth assignment of error, a reviewing court will not consider as error a claim that was not properly preserved before the trial court. See Schade, supra. In this case, defendant failed to object to the trial court's method of reinstructing the jury. In addition, defendant has failed to demonstrate any prejudice as a result of the trial court's actions. His mere speculation that the method of instructing the jury must have confused them is devoid of merit and insufficient to establish actual prejudice. As such, defendant's seventh assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. His conviction by the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ DANIEL B. QUILLIN
FOR THE COURT
CARR, P. J.
CACIOPPO, J. CONCUR
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
[1] Appellant incorrectly argues that the same standard applies when considering the manifest weight and sufficiency of the evidence. The Ohio Supreme Court has clearly stated the contrary, and has set forth the different analytical tests to be applied in considering the manifest weight and sufficiency of the evidence. See State v. Thompkins (1997),78 Ohio St.3d 380.