[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal of a conviction of defendant-appellant, Delmer Vickers, in the Butler County Court of Common Pleas for failure to appear in violation of R.C. 2937.29.[1]
In the first assignment of error, appellant argues that the trial court erred by imposing more than the minimum prison term. The trial court was required to impose a definite term of imprisonment of at least one year but no greater than five years for a violation of R.C. 2937.29, which was an unclassified felony at the time appellant committed this offense.[2]
See State v. Quisenberry (1994), 69 Ohio St.3d 556, 559. This court has previously determined that the sentencing guidelines enacted by Am.Sub.S.B. No. 2, known as Senate Bill 2, which became effective July 1, 1996, apply to unclassified offenses. State v. Jodrey (Dec. 13, 1999), Clermont App. No. CA99-04-038, unreported, overruled in part on other grounds by State v. Beard (Sept. 5, 2000), Clermont App. No. CA2000-02-012, unreported.[3] In this case, the trial court was not required to impose the minimum prison term because appellant had previously served a prison term. See R.C. 2929.14(B). Therefore, the first assignment of error is overruled for reason that the trial court's decision to impose greater than the minimum prison term is supported by clear and convincing evidence and is not contrary to law. See State v.Garcia (1998), 126 Ohio App.3d 485, 487; R.C. 2953.08(G)(1)(a) and (d).
In the second assignment of error, appellant contends that the trial court erred by imposing a $5,000 fine because appellant is indigent. Pursuant to the version of R.C. 2937.99 that was in effect at the time of the commission of the offense, a trial court could impose a fine of $5,000 for failure to appear. A determination that a criminal defendant is indigent for purposes of receiving appointed counsel does not prohibit the trial court from imposing a financial sanction. State v. Johnson
(1995), 107 Ohio App.3d 723, 728. Reviewing appellant's financial resources as recorded in his presentence report, we cannot say that the trial court's decision to impose this fine was not supported by clear and convincing evidence or was contrary to law. See Garcia at 487. The second assignment of error is overruled.
In the third assignment of error,[4] appellant insists that the trial court erred by refusing to accept his guilty plea at the plea hearing held on February 3, 2000. A defendant has no constitutional right to plead guilty to an offense; the decision to accept such a plea rests within the sound discretion of the trial court. State v. Jackson
(1980), 68 Ohio App.2d 35, 36. See, also, Crim.R. 11(C)(2). Upon review of the transcript, we find that the trial court did not abuse its discretion by refusing appellant's initial guilty plea and then accepting appellant's plea at a later date. The third assignment of error is overruled.
Judgment affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the man-date pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
Anthony Valen, Judge, Stephen W. Powell, Judge, concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.
[2] Due to legislation effective March 23, 2000, failure to appear at a proceeding in connection with a charge of the commission of a felony is now classified as a fourth degree felony and carries a maximum sentence of eighteen months. R.C. 2937.99; R.C. 2929.14(A)(4).
[3] See, also, State v. Blair (Dec. 27, 1999), Scioto App. No. 98CA2588 98CA2589, unreported (applying Senate Bill 2 sentencing standards to affirm a prison sentence imposed for failure to appear); State v.Bavendam (Jan. 22, 1999), Miami App. Nos. 98CA26 98CA27, unreported.
[4] We have designated the assignment of error raised in appellant's "supplemental brief" as the third assignment of error.