[Cite as *State v. Bowers*, 2012-Ohio-1585.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 14-11-12

    v.

JAMES W. BOWERS                O P I N I O N

    DEFENDANT-APPELLANT.

---

Appeal from Marysville Municipal Court
Trial Court No. CRB 1100310

Judgment Affirmed

Date of Decision:    April 9, 2012

---

APPEARANCES:

    *Alison Boggs*  for Appellant

    *Tim Aslaner*  for Appellee

Case No. 14-11-12

**ROGERS, J.**

{¶1} Defendant-Appellant, James Bowers ("Bowers"), appeals the judgment of the Marysville Municipal Court, finding him guilty of aggravated menacing and sentencing him to 180 days in jail. On appeal, Bowers argues that his plea was not made knowingly, intelligently, and voluntarily as the trial court failed to properly advise him of his rights according to Crim.R. 5, 10, and 11, and that due to this error, the trial court should not have accepted his guilty plea. We affirm the judgment of the trial court.

{¶2} On May 5, 2011, an affidavit was filed in the Marysville Municipal Court, stating that Bowers committed the offense of aggravated menacing in violation of R.C. 2903.21, a first degree misdemeanor.[1] The affidavit charges that on May 4, 2011, at approximately 10:00 p.m., Joshua Gonglik ("Gonglik") arrived at his sister's home and as he was attempting to enter the garage, a vehicle came down the street and stopped in front of the house that Gonglik was trying to enter. Bowers exited the vehicle and started walking towards Gonglik when Gonglik became scared and ran from him. Bowers chased Gonglik, which made Gonglik

---

[1] This offense was assigned Case No. CRB 1100310. Charges were also filed against Bowers for drug paraphernalia and possession of marijuana, which were assigned Case Nos. CRB 1100311 and 1100312, respectively. These two offenses stemmed from the same incident and series of events as the aggravated menacing charge. Since they were assigned separate case numbers and the notice of appeal was filed for case number CRB 1100310 only, our opinion and judgment are rendered solely in case number CRB 1100310, which is the only case on appeal.

However, it would appear that this matter was improperly assigned three case numbers in the Marysville Municipal Court. Multiple misdemeanor charges resulting from "the same act, transaction, or series of acts or transactions" should be assigned only one case number. See Sup. R. 43(B)(3) and the attendant commentary.

fear for his life. Bowers was arrested and appeared in court on May 5, 2011 for arraignment. At arraignment, Bowers pled guilty. The trial court accepted the guilty plea and ordered a sentence of 180 days in jail as well as a mental health evaluation and counseling. It is from this judgment and sentence Bowers appeals, asserting the following assignment of error for our review.

### *Assignment of Error No. I*

**THE TRIAL COURT ERRED WHEN IT ACCEPTED APPELLANT'S GUILTY PLEA WHERE THE TRIAL COURT DID NOT PROPERLY ADVISE APPELLANT OF HIS RIGHTS UNDER OHIO CRIMINAL RULES 5, 10, AND 11, RESULTING IN THE PLEA NOT BEING KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY MADE.**

{¶3} In his sole assignment of error, Bowers argues that the trial court erred by failing to comply with the mandates of Crim.R. 5, 10, and 11 before accepting Bowers' guilty plea. Specifically, Bowers argues that the failure to provide him a copy of the complaint violated Crim.R. 5 and 10; that the trial court failed to discuss bail, the right to a jury trial, and defendant's right to remain silent in violation of Crim.R. 10; and further, that because of the "mass arraignments" (Appellant's brief p. 4), there was no indication on the record that Bowers heard and understood the general advisement of his rights or the various pleas he could enter in violation of Crim.R. 11. Lastly, Bowers argues that the trial court should have used its discretionary authority pursuant to Crim.R. 11(E) and refused to accept his guilty plea due to the State's request for a mental health evaluation.

**{¶4}** Crim.R. 5 provides in pertinent part:

(A) **Procedure on initial appearance.** When a defendant first appears before a judge or magistrate, the judge or magistrate shall permit the accused or his counsel to read the complaint or a copy thereof and shall inform the defendant:

(1) Of the nature of the charge against him.

(2) That he has a right to counsel and the right to reasonable continuance in the proceedings to secure counsel, and * * * the right to have counsel assigned without cost to himself if he is unable to employ counsel;

(3) That he need make no statement and any statement may be used against him;

* * *

(4) Of his right, where appropriate, to a jury trial and the necessity to make demand therefore in petty offenses.

* * *

In misdemeanor cases the defendant may be called upon to plead at the initial appearance. Where the defendant enters a plea the procedure established by Crim.R. 10 and Crim.R. 11 applies.

**{¶5}** Crim.R. 10(A) sets forth the procedure to be implemented during arraignment and provides:

Arraignment shall be conducted in open court, and shall consist of reading the indictment, information or complaint to the defendant, or stating to the defendant the substance of the charge, and calling on the defendant to plead thereto. The defendant may in open court waive the reading of the indictment, information, or complaint. The defendant shall be given a copy of the indictment, information, or complaint, or shall acknowledge receipt thereof, before being called upon to plead.

**{¶6}** Crim.R. 11 governs the entering of pleas. Crim.R. 11(E) applies to the pleas entered in misdemeanor cases involving petty offenses and mandates that

the trial court "shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty."

{¶7} On May 5, 2011, the trial court held a joint arraignment during which it stated the following with respect to the above-referenced rules of criminal procedure:

> You have the right to know the nature of the charge that was filed and the person who filed it. You also have the right to a lawyer and the right to a reasonable continuance to get a lawyer. If you're unemployed or have no money or property, you may be entitled to have a public defender. * * * You have the right to have bail set by the [c]ourt * * *. * * * You have the right to a trial by jury if the maximum possible penalty includes a fine of more than $1,000 or the offense carries the possibility of jail time. * * * You need make no statements this morning. Any statements made by you can be used against you. * * * You also have the right to have me read to you the complaint, affidavit, or traffic ticket that was filed against you.
>
> * * *
>
> There are three possible pleas you can enter if you've been charged with a misdemeanor. The first is a plea of guilty. A plea of guilty is a complete admission of guilt and a waiver of all your rights. * * * The second plea is a plea of not guilty. A plea of not guilty denies the truth of the charge. It places a continuing burden on the State of Ohio to prove each and every element of the offense beyond a reasonable doubt. The third plea is a plea of no contest. A plea of no contest is not an admission of guilt, but it is an admission of the truth of the facts contained in the affidavit, traffic ticket, or complaint that was filed against you. That plea or admission cannot be used against you in any later civil or criminal proceedings.
>
> * * *

> At any hearing or trial before the [c]ourt or a jury you also have the following rights. You have the right to confront and cross examine your accusers and any witness in open court. You have the right to remain silent. You have the right to use the subpoena power of the [c]ourt to obtain witnesses on your behalf. You have the right to force the State to prove your guilt beyond a reasonable doubt. You have the right to trial counsel of your choice for your defense. And if you are indigent, an attorney can be provided at no cost to yourself. Hearing Tr. I, p. 3-6.

**{¶8}** When Appellant's case was called, the trial court informed him of the charges and the maximum penalty associated with each charge. Specifically, the trial court informed him that the maximum penalty for aggravated menacing was 180 days in jail and the maximum fine was $1,000. Bowers stated that he understood the nature of the charges, who filed them, and the maximum penalties, and that he wished to plead guilty to the charges. The trial court then informed him that by pleading guilty, he waived his right to an attorney, to a reasonable continuance to retain an attorney, to a trial where the State would be required to prove his guilt beyond a reasonable doubt, to remain silent, to confront his accusers, and to subpoena witnesses in his defense. Bowers stated that he understood that he was waiving those rights. He then signed a waiver of counsel form. The court imposed a sentence of 180 days in jail for the aggravated menacing charge.

*Failure to Discuss Bail, Right to Jury Trial, Plea Options*

**{¶9}** Bowers contends that the trial court failed to comply with Crim.R. 5, 10, and 11 as it did not discuss bail, the right to a jury trial, or the various pleas available to him. These flaws, the defense argues, are a result of the trial court's failure to ensure that Bowers understood the general admonitions made to the courtroom during the joint arraignment.

**{¶10}** Pursuant to Crim.R. 10(D) a trial court may conduct joint arraignments of multiple defendants by providing a general announcement of their rights as prescribed in Crim.R. 10. Joint arraignments are commonly employed by municipal courts. Katz, Martin, Lipton & Crocker, *Baldwin's Ohio Practice Criminal Law* 42:6 (2011). Through joint arraignments, trial courts inform defendants both of their constitutional rights as well as the effect of the pleas of no contest, guilty, and not guilty. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, FN. 3. Cases where joint arraignments have been held insufficient involve, for example, the failure of the trial court to ensure that the defendants could understand the advisements due to a noisy environment, *State v. Gearig*, 6th Dist. WM-09-012, 2010-Ohio-939 (holding that playing a CD of defendant's rights while others in the room were talking failed to comply with the requirement that the defendant understand his rights, without an individual inquiry into the matter),

or insufficient time or ability to read the pamphlet containing the requisite advisements. *State v. Bayer*, 102 Ohio App.3d 172 (11th Dist. 1995).

{¶11} A review of the transcript reveals that the trial court engaged in both a joint and individual advisement of Bowers' rights pursuant to Crim.R. 5, 10, and 11. The transcript from the joint arraignment portion indicates that the trial court did specifically inform the courtroom of the right to a jury trial, the right to bail, and the various pleas and their effects. The trial court also stated during the joint arraignment that, "[i]f, for any reason, you don't understand any of your rights, please tell me when you come to the microphone and I'll try to explain them more fully at that time." Hearing Tr. I, p. 3. Although Bowers did not make any statement on the record at that time, he does not argue that he was not present or that he failed to understand or hear the colloquy. When the trial court addressed Bowers personally, he twice informed the court that he understood his rights with respect to his guilty plea and waiver of counsel. Therefore, Bowers' argument that the trial court failed to ensure he understood his rights is not supported by the record. Because of the advisements provided during the joint arraignment as well as during his individual plea, we find that Bowers' plea was rendered knowingly, voluntarily, and intelligently.

{¶12} Moreover, by pleading guilty, Bowers waived the right to challenge on appeal the alleged deficiencies at the arraignment. A guilty plea is a complete

admission of guilt. Crim.R. 11(B)(1). By pleading guilty, a defendant waives all appealable orders except for a challenge as to whether the defendant made a knowing, intelligent, and voluntary acceptance of the plea. *State v. Ramsey*, 3d Dist. No. 9-10-55, 2012-Ohio-134, ¶ 15, citing *State v. Spates*, 64 Ohio St.3d 269, 272 (1992), *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602 (1973). A defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings. *Id.* at ¶ 16, citing *Ross v. Common Pleas Court of Auglaize Cty.*, 30 Ohio St.2d 323 (1972). Accordingly, Bowers has waived his right to challenge the alleged failure to be informed of bail, of the available pleas, and of the right to a jury trial.

*Failure to Serve Defendant a Copy of Complaint*

{¶13} Bowers argues that his guilty plea was unconstitutional because it was rendered unknowingly, involuntarily, and unintelligently due to the trial court's failure to provide him a copy of the affidavit and to verify that he had been served with a copy of the affidavit. Crim.R. 10(A) states, "[t]he defendant *shall be given a copy of the indictment, information, or complaint, or shall acknowledge receipt thereof,* before being called upon to plead." (Emphasis added.) This court and the Ohio Supreme Court have consistently held that "when a statute or a rule uses the word "shall," the prescription is not advisory; rather, it is mandatory." *State v. Andrews*, 3d Dist. 1-05-70, 2006-Ohio-3764, ¶ 39 (Rogers, J. concurring

separately), citing *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 48 (Moyer, J. concurring separately), citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 36, *State v. Campbell*, 90 Ohio St.3d 320, 324-25 (2000), *State v. Golphin*, 81 Ohio St.3d 543, 545-46 (1998).

{¶14} In the present case, the record reveals that Bowers was arrested after 10:00 p.m. on May 4, 2011. An affidavit was filed with the Marysville deputy clerk on May 5, 2011, the same date that Bowers was arraigned. The reverse side of the affidavit contains the summons, but it is unclear whether Bowers was properly served as the line indicating when the summons was served is blank. The record and the transcripts from the arraignment do not show that Bowers received a copy of the affidavit as required by Crim.R. 10(A), a point which is not contested on appeal. Because there is no indication in the record that Bowers received a copy of the affidavit, the trial court erred by failing to comply with the mandates of Crim.R. 10(A).

{¶15} Although we do not condone the error of the trial court, in this case, we find that Bowers waived his right to receive a copy of the affidavit by pleading guilty without raising such deficiency. Where a defendant appears in court for an arraignment, is read the indictment and pleads guilty, the constitutional right to receive a copy of the indictment is waived if not raised before pleading guilty. *Dinsmore v. Alvis*, 88 Ohio App. 32 (2d Dist. 1950). *See Boyer v. Maxwell*, 175

Ohio St. 318 (1963), citing *Fouts v. State*, 8 Ohio St. 98 (1857), *Smith v. State*, 8 Ohio 294 (1838), *Click v. Eckle*, 174 Ohio St. 88 (1962); *see also Shroyer v. Banks*, 123 Ohio St.3d 88, 2009-Ohio-4080, citing *State ex rel. Morris v. Leonard*, 88 Ohio St.3d 624 (1999). Waiver may be accomplished implicitly or explicitly. *Stacey v. VanCoren*, 18 Ohio St.2d 188 (1969). As Bowers entered his plea of guilty without raising the issue of failing to receive a copy of the affidavit, he waived the issue for purposes of appeal.

*Failure to Reject Guilty Plea*

**{¶16}** Finally, Bowers contends that, in light of the prosecutor's statements during sentencing, the trial court should have questioned the State further to determine whether Appellant was mentally capable of entering a valid plea. After Bowers pled guilty, the trial court continued to sentencing. The State offered a recitation of the facts, read the victim's statement, and stated, "[b]ased on what I know, a mental health evaluation might be appropriate as well, your Honor." Hearing Tr. II, p. 12. Bowers argues that due to this statement, the trial court had a duty to inquire as to whether he was capable of entering a valid plea, and that if there was any concern, the trial court should have exercised its discretion in refusing to enter a guilty plea according to Crim.R. 11(E).

**{¶17}** Crim.R. 11(E) sets forth the procedure for guilty or no contest pleas and provides, "[i]n misdemeanor cases involving petty offenses the court may

-11-

refuse to accept a plea of guilty or no contest * * * ." Crim.R. 11 vests discretion in the trial court in determining whether to accept a plea. *State v. Jackson*, 68 Ohio App.2d 35 (8th Dist. 1980). This discretion, however, should be exercised cautiously and reasonably. *Id.*, citing *Kercheval v. U.S.*, 274 U.S. 220, 223-224, 47 S.Ct. 582, 583 (1927), *U.S. v. Ammidown*, 497 F.2d 615, 619-623 (C.A.D.C. 1973). A guilty plea that has been made voluntarily and intelligently should not be rejected without good reason. *Id.*, citing *McCoy v. U.S.*, 363 F.2d 306, 308 (C.A.D.C. 1966). A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *See State v. Boles*, 2d Dist. No. 23037, 2010-Ohio-278, ¶17-18, citing *Black's Law Dictionary* 11 (8th Ed.2004). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Nagle*, 11th Dist. No. 99-L-089 (June 16, 2000), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶18} A "petty offense" as indicated in Crim.R. 11(E) is defined as any misdemeanor for which the maximum penalty pursuant to state law is imprisonment for six months or less. Crim.R. 2(C), (D); *State v. West*, 3d Dist. No. 2-06-04, 2006-Ohio-5834, ¶ 57. In the present case, Bowers was convicted of aggravated menacing in violation of R.C. 2903.21, which in this particular case constitutes a first degree misdemeanor. R.C. 2903.21(B). The maximum penalty

for a first degree misdemeanor is one hundred eighty days in jail and a $1,000 fine. R.C. 2929.24(A)(1); R.C. 2929.28(A)(2)(a)(i). Therefore, Bower's violation of R.C. 2903.21 is considered a "petty offense" and pursuant to Crim.R. 11(E), the trial court had the discretionary authority to reject Bowers' guilty plea.

{¶19} As we have previously stated, a review of the transcript reveals that the trial court engaged in a satisfactory plea colloquy pursuant to Crim.R. 5 and 11(E). Bowers acknowledged several times that he understood the charges against him, the maximum penalty associated with the charges, and the rights he waived by pleading guilty. Bowers decided to proceed without an attorney and signed a written waiver of that right. Further, the prosecutor's request for a mental health evaluation during sentencing alone is insufficient to establish that the trial court abused its discretion in accepting Bowers' guilty plea. We note that Bowers exhibited no behavior at arraignment to indicate he was mentally incompetent or that he failed to comprehend the nature of the proceeding. Due to the trial court's literal compliance, and Bowers' assurances and appropriate responses during the colloquy, it is evident that Bowers was capable of understanding the implications of his plea. Accordingly, the trial court did not abuse its discretion by accepting the guilty plea and entering conviction on the same. In light of the preceding analysis, Bowers' assignment of error is overruled.

{¶20} Having found no error prejudicial to Bowers herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**