[Cite as *State v. McKenzie*, 2023-Ohio-1178.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,           CASE NO. 3-22-33

    v.

JOHN MCKENZIE,

                                 O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court

Trial Court No. 22-CR-0137

**Judgment Affirmed**

Date of Decision: April 10, 2023

APPEARANCES:

    *Christopher Bazeley* **for Appellant**

    *Thomas Meagher* **V. for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, John McKenzie ("McKenzie"), brings this appeal from the September 7, 2022 judgment of the Crawford County Common Pleas Court sentencing him to six months in prison after McKenzie pled guilty to, and was convicted of, Violating a Protection Order. On appeal, McKenzie argues that his plea was not knowingly or intelligently given, and that the trial court failed to advise him of his rights pursuant to Crim.R. 5 at arraignment. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} On July 20, 2022, McKenzie entered into a written, negotiated plea agreement wherein he agreed to plead guilty to Violating a Protection Order in violation of R.C. 2919.27(A)(2), a fifth degree felony. In exchange for his guilty plea, the State agreed to dismiss the Criminal Trespass charge pending against him. The trial court conducted a Crim.R. 11 dialogue with McKenzie and determined that he was entering a knowing, intelligent, and voluntary guilty plea. McKenzie's plea was accepted and he was found guilty. As a result of his conviction, McKenzie was sentenced to serve six months in prison. McKenzie now appeals the trial court's judgment entry of sentence, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**McKenzie's guilty plea was not knowingly or intelligently given.**

**Assignment of Error No. 2**
**The trial court erred when it failed to advise McKenzie of his Crim.R. 5 rights at arraignment.**

*First Assignment of Error*

{¶3} In his first assignment of error, McKenzie argues that his plea was not knowing or intelligent.

Relevant Authority

{¶4} "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17 and 4-14-18, 2015-Ohio-926, ¶ 9, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Engle* at 527.

{¶5} Criminal Rule 11(C)(2), which governs guilty pleas for felony-level offenses, provides:

> **In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:**
>
> **(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**

**(b)   Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**

**(c)   Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.**

**{¶6}** A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 31. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid. *Id*. However, a trial court is only required to substantially comply with the non-constitutional notifications in Crim.R. 11(C)(2)(a) and (b). *Id*. at ¶ 14-17.

**{¶7}** An appellate court reviews the substantial-compliance standard based upon the totality of the circumstances surrounding the defendant's plea and determines whether he subjectively understood the implications of his plea and the rights he waived. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 20. "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *

\* \* The test is whether the plea would have otherwise been made." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

Analysis

**{¶8}** McKenzie argues that his Crim.R. 11 dialogue with the trial court, and his written plea agreement, failed to inform him that a guilty plea was a complete admission of guilt pursuant to Crim.R. 11(C)(2)(b). After reviewing the transcript of the Crim.R. 11 dialogue, we agree that McKenzie was not informed that his guilty plea was a complete admission of guilt at the plea hearing.[1] Nevertheless, there was language in McKenzie's written plea agreement regarding the effect of his plea. However, McKenzie contends that the statement in his written plea agreement was not sufficient to render his plea knowing and intelligent.

**{¶9}** In our review of the matter, we continue to emphasize that a trial court's "'[l]iteral compliance with Crim.R. 11, in all respects, remains preferable to inexact plea hearing recitations.'" *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 29, quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 19, fn. 2. Nevertheless, "literal compliance" is not the standard; rather, the standard for evaluating whether a defendant was informed of the effect of his plea is "substantial compliance." *State v. Jones*, 3d Dist. Crawford No. 3-19-11, 2020-Ohio-3919, ¶ 11.

---

[1] We note that the Crim.R. 11 hearing transcript is mislabeled in the record as "CONTINUED SENTENCING" on September 7, 2022. According to the record, this is inaccurate, as the "continued plea hearing" was held July 20, 2022.

{¶10} Importantly, Crim.R. 11(C)(2)(b)'s requirement to be notified of the effect of a plea may be satisfied either orally or in writing. *Jones* at ¶ 14. Here, McKenzie's written plea agreement stated, "By pleading, I admit the truth of the facts and circumstances alleged."[2] (Doc. No. 14). We have previously held that nearly identical language in a written plea agreement constituted substantial compliance with Crim.R. 11(C)(2)(b)/(B)(1). *Id.* ("Specifically, the written-plea agreement reflects that Jones acknowledged that "[b]y pleading, [he] admit[s] the truth of the facts and circumstances alleged[.]").

{¶11} Moreover, even if the trial court failed to substantially comply with Crim.R. 11(C)(2)(b), McKenzie has to demonstrate prejudice in this matter and he is entirely unable to do so. *See State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415. McKenzie has presented no evidence that he would not have entered his plea if the trial court had used the actual language contained in Crim.R. 11 regarding the effect of his guilty plea. *State v. Lindemayer*, 5th Dist. Licking No. 08-CA-142, 2009-Ohio-3982, ¶ 77. Furthermore, McKenzie did not assert a claim of actual innocence at the plea hearing.

> **A defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial.**

---

[2] The written plea agreement was signed by McKenzie and his attorney.

*Griggs*, 103 Ohio St.3d 85, at syllabus. McKenzie has shown us nothing in the record that would overcome the presumption that the failure to orally inform him of the effect of his plea was prejudicial in this instance.

**{¶12}** In sum, based on the record before us, we find that McKenzie has not demonstrated that his plea was anything less than knowing, intelligent, and voluntary. For all of these reasons, McKenzie's first assignment of error is overruled.

*Second Assignment of Error*

**{¶13}** In his second assignment of error, McKenzie argues that the trial court erred by failing to advise him of his rights pursuant to Crim.R. 5 at the arraignment hearing. However, by pleading guilty, McKenzie "waive[d] all appealable orders except for a challenge as to whether the defendant made a knowing, intelligent, and voluntary acceptance of the plea." *State v. Bowers*, 3d Dist. Union No. 14-11-12, 2012-Ohio-1585, ¶ 12. This includes any challenges to alleged deficiencies at arraignment. *Id.*

**{¶14}** Given that we have determined that McKenzie's plea was not invalid, he has waived his challenge to any purported errors in his arraignment. *Id.* Therefore, his second assignment of error is overruled.

*Conclusion*

{¶15} Having found no error prejudicial to McKenzie in the particulars assigned and argued, we affirm the judgment of the Crawford County Common Pleas Court.

***Judgment Affirmed***

**WILLAMOWSKI and WALDICK, J.J., concur.**