[Cite as *State v. Pittman*, 2011-Ohio-4085.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| REGINALD PITTMAN | : | Case No. 10CAA110087 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |



CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas,
Case No. 09CRI100487A



JUDGMENT:      Affirmed



DATE OF JUDGMENT ENTRY:      August 16, 2011



APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

CAROL HAMILTON                       WILLIAM T. CRAMER
BRIAN J. WALTER                        470 Olde Worthington Road
140 North Sandusky Street             Suite 200
Delaware OH  43015                    Westerville, OH  43082

*Farmer, J.*

{¶1}　On October 16, 2009, the　Delaware County Grand Jury indicted appellant, Reginald Pittman, on three counts of aggravated robbery in violation of R.C. 2911.01(A)(1) and two counts of kidnapping in violation of R.C. 2905.01(A)(2).　Each count carried a firearm specification in violation of R.C. 2941.145.　Said charges arose from the robbery of a Kentucky Fried Chicken store (hereinafter "KFC") and two of its employees, James Schwartz and shift supervisor Teisha Bishop Horner.

{¶2}　A jury trial commenced on September 14, 2010.　The jury found appellant guilty as charged.　By judgment entry filed November 2, 2010, the trial court sentenced appellant to an aggregate term of fifteen years in prison.

{¶3}　Appellant filed an appeal and this matter is now before this court for consideration.　Assignments of error are as follows:

I

{¶4}　"THE VERDICTS WERE CONTRARY TO THE WEIGHT OF THE EVIDENCE."

II

{¶5}　"THE TRIAL COURT VIOLATED APPELLANTS' STATE AND FEDERAL DOUBLE JEOPARDY PROTECTIONS, STATE AND FEDERAL RIGHTS TO DUE PROCESS, AND R.C. 2941.25 BY FAILING TO MERGE THE ALLIED OFFENSES OF KIDNAPPING AND AGGRAVATED ROBBERY."

I

{¶6}　Appellant claims his convictions were against the manifest weight of the evidence.　Specifically, appellant claims the victims were unable to identify him, and the

descriptions given were not similar to his physical description. Appellant further claims the "other witnesses," his co-defendants and co-conspirators, lacked credibility. We disagree.

{¶7} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶8} Appellant was convicted of three counts of aggravated robbery in violation of R.C. 2911.01(A)(1) which states the following:

{¶9} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

{¶10} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."

{¶11} Appellant was also convicted of two counts of kidnapping in violation of R.C. 2905.01(A)(2) which states the following:

{¶12} "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:

{¶13} "(2) To facilitate the commission of any felony or flight thereafter."

{¶14} Each count carried a firearm specification pursuant to R.C. 2941.145.

{¶15} The gravamen of this assignment is not the factual issue of the robbery of Ms. Horner, Mr. Schwartz, and the KFC store, but the identification of the robber as appellant.

{¶16} Appellant argues the description given by the victims did not match his physical description. Appellant further argues the later identification by Ms. Horner that appellant "looked like" the assailant was suspect because of her previous identification of another individual from a photo array.

{¶17} Appellant's co-defendants/co-conspirators, Toris Richardson, Rachel Smith, and Nitesha Sargent, were present during the KFC robbery and testified at trial. Each had a criminal record. T. at 208-209, 221, 238, 264-267. Mr. Richardson boasted about being a "career criminal." T. at 267-268. Each received a plea deal in exchange for their testimony against appellant. T. at 219, 221, 238, 270-273, 282-283.

{¶18} Ms. Smith and Ms. Sargent both testified that appellant and Mr. Richardson came to their residence and drove them to a bar in Polaris where Mr. Richardson attempted to "get them into the bar" as they were underage. T. at 172-175, 238, 257. After that failed, Mr. Richardson stated "they were going to hit a quick lick." T. at 175, 238. A "lick" "means to rob somebody." T. at 175. Appellant and Mr. Richardson left the car and came back about three times over a ten to twenty minute period. T. at 178, 239-240. The KFC in question was within walking distance of the car. T. at 176. When they returned for the last time, appellant had a plastic bag. T. at 178, 241. Everyone returned to the residence and appellant and Mr. Richardson split money. T. at 241. Appellant and Mr. Richardson "were mad because they didn't get no money for a waste of time or something like that" and appellant opined it was probably because "they made a deposit." T. at 179, 181, 241. Ms. Smith had previously told Mr. Richardson about the routine of another KFC regarding cameras, panic buttons, and safes. T. at 176-177.

{¶19} Mr. Richardson testified to "casing" the KFC with appellant, trying to figure out how they could get inside. T. at 257. They observed a "little white car" parked outside so appellant got inside the vehicle and waited. Id. Appellant had a gun with him. T. at 259. Mr. Richardson observed two individuals exit the KFC and then appellant taking the two back inside the KFC. T. at 257, 261. Because Mr. Richardson thought it was taking too long, he entered the KFC. T. at 257-258, 261. The victims were on the floor and "everybody was kind of already done" so he and appellant left and drove off. T. at 258, 261-262. Mr. Richardson was the admitted "Fagin" à la *Oliver*

*Twist* to a string of robberies. He would recruit young people and pay them some of the proceeds. T. at 138-139, 158, 253.

{¶20} Within the backdrop of this testimony are the recollections of the victims. Ms. Horner, assisted by a police sketch artist, produced a drawing of the robber. T. at 126-127; State's Exhibit 10. After comparing the sketch to appellant's photograph, the investigating officer, Columbus Police Detective Gregory Franken, opined they were "pretty close." T. at 168. Ms. Horner also testified she was "pretty sure" appellant was the robber because she could remember his "cold dark eyes." T. at 75.

{¶21} The jury was well aware of the criminal histories of Ms. Smith, Ms. Sargent, and Mr. Richardson, as well as their plea deals. The jury chose to accept these three similar versions of the robbery as fact. We find this was clearly within their province and it was supported by other testimony. *Jamison,* supra.

{¶22} Upon review, we find sufficient, credible evidence to support the convictions, and no manifest miscarriage of justice.

{¶23} Assignment of Error I is denied.

II

{¶24} Appellant claims the trial court erred in failing to merge the allied offenses of aggravated robbery and kidnapping pursuant to R.C. 2941.25. We disagree.

{¶25} R.C. 2941.25 governs multiple counts and states the following:

{¶26} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶27} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶28} In *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, syllabus, the Supreme Court of Ohio held the following:

{¶29} "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered. (*State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, overruled.)"

{¶30} The *Johnson* court explained the following at ¶48-51:

{¶31} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. *Blankenship,* 38 Ohio St.3d at 119, 526 N.E.2d 816 (Whiteside, J., concurring) ('It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses.' [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

{¶32} "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' *Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶50 (Lanzinger, J., dissenting).

{¶33} "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

{¶34} "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge."

{¶35} Counts 4 and 5 were the kidnapping offenses, and the trial court sentenced appellant on each count and ordered them to be served concurrently with each other, but consecutive to the sentences for the aggravated robberies:

{¶36} "As to the kidnapping, this Court agrees with the state of Ohio, that they are separate offenses, kidnapping to the robbery, it was not necessary or even required that the two victims be taken at gun point, back into the Kentucky Fried Chicken after they had been robbed, had their personal belongings taken away, they were taken back in and in this Court's opinion that make it a separate animus, makes it a separate crime.

{¶37} "As to the crime of kidnapping, in violation of 2909.01(A)(2) as to Ms. Bishop [Horner], Count Four, it is the sentence of this Court that you shall serve two years at CRC; pay the costs of the prosecution for which execution will be awarded; as to that two year sentence, it will be served consecutive to the sentence I have imposed as to Count One and Count Two.

{¶38} "As to Count Five, kidnapping, as to Mr. Schwartz, it is the opinion of this Court that this is a separate offense, has a separate animus, again the same things I have said, the same facts set forth by Mr. Inscho, therefore it is the sentence of this Court that you shall serve two years for that kidnapping, in violation of 2905.01(A)(2), two years concurrent to the two years I imposed as to Ms. Bishop; it will be consecutive as to the sentence imposed as to Count One and Two." October 22, 2010 T. at 16-17.

{¶39} We note the trial court's decision was issued before the *Johnson* decision. As specifically noted in *Johnson,* it is appellant's "conduct" that must be examined in determining separate animus. Therefore, the issue post-*Johnson* is whether the offenses were committed by the same conduct i.e., " 'a single act, committed with a single state of mind.' " *Johnson* at ¶49, citing *State v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, ¶50 (Lanzinger, J., dissenting).

{¶40} In order to resolve this issue, an analysis of the facts is necessary. We note the indictment is limited to the statutory definition of kidnapping and a bill of particulars was not filed. Therefore, because the issue involves the movement of the victims, we must look to the state's theory of the case as set forth in closing argument:

{¶41} "Also there are two counts of kidnapping. No person by force, threat or deception, by any means, shall remove another from the place where the other person is found or restrain the liberty of another person to facilitate the commission of any felony.

{¶42} "To facilitate. To be taken my (sic) force and threat back to the store. They were told they couldn't leave until they counted to one hundred. All the while a gun was in their face. All the while that defendant was committing a felony." T. at 329.

{¶43} During the sentencing hearing, the state argued the following:

{¶44} "In essence, Your Honor, after the robbery had been concluded, after the aggravated robbery of Ms. Horner and Mr. Schwartz concluded, he then kidnaps them by moving them, by the asportation of them through the parking lot into the KFC, he then completes the robbery of the third victim, the KFC. He could have left the scene after robbing them; he should have left the scene after robbing them. And if the defendant had merely kidnapped them, held them at gun point, held them against your will and robbed them in Ms. Horner's car and then left, then the state would have conceded today that the kidnapping necessarily would merge into the aggravated robbery.

{¶45} "That is not the case. He committed separate crimes. He should not get any free felonies. He should be sentenced consecutively as to Counts Four and Five." October 22, 2010 T. at 7-8.

{¶46} The state's position is that the forcing of the victims to count to one hundred following the robbery of the KFC was separate criminal conduct with a separate animus from the aggravated robbery charges.

{¶47} The victims were accosted at gunpoint, forced into the "little white car," and robbed of their personal items. T. at 58. Appellant then ordered them out of the car and back inside the KFC to get money from the safe. T. at 58-59. After appellant obtained the money from the safe, he ordered the victims to the floor and on his way out, placed a gun in Ms. Horner's face and told them to count to one hundred. T. at 59. Appellant and Mr. Richardson left the store. T. at 59, 64. The victims counted to one hundred and then called the police. T. at 64.

{¶48}  The question vis-à-vis the sentencing is whether the placing of the gun in Ms. Horner's face and ordering the victims to count to one hundred was an offense committed separately with a separate animus state of mind.

{¶49}  Although it may be argued that an aggravated robbery when a kidnapping is charged always constitutes the same conduct, we reject this broad generalization.  As Judge French stated in *State v. Sidibeh,* 192 Ohio App.3d 256, 2011-Ohio-712, ¶59, the question becomes, à la *State v. Logan* (1979), 60 Ohio St.2d 126, whether the kidnapping was incidental to and stemmed from the same conduct.  Admittedly, this is a subjective analysis as opposed to a black and white formula.

{¶50}  In this case, appellant's conduct of restraining the victims in the vehicle and then ordering them back inside the KFC was conduct incidental to the aggravated robberies.  Once the aggravated robbery of the KFC was completed, the acts of restraining the victims was no longer incidental to the aggravated robbery, but was to facilitate their escape and lack of detection.

{¶51}  Upon review, we find the trial court did not err in failing to merge the aggravated robbery and kidnapping counts pursuant to R.C. 2941.25.

{¶52}  Assignment of Error II is denied.

{¶53} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, J. concur and

Hoffman, P.J. concurs separately

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

_____

JUDGES

SGF/sg

*Hoffman, P.J., concurring*

{¶54} I concur in the majority's analysis and disposition of Appellant's first assignment of error.  I further concur in the majority's disposition of Appellant's second assignment of error but do so for a reason different than the majority.

{¶55} Unlike the majority, I find the placing of the gun in Ms. Horner's face and ordering the victims to count to one hundred was incidental to commission of the aggravated robbery involving KFC.  I do no find the fact it was to facilitate their escape and lack of detection alters my analysis.  Contrary to the Appellee's contention, I do not find counting to one hundred involves a prolonged restraint nor renders the confinement secretive.  Furthermore, the movement of the victims was not so substantial as to demonstrate a significant independence from the aggravated robbery of the KFC.  See *State v. Logan* (1979) 60 Ohio St.2d 126, and *State v. Sidibeh*, 2011-Ohio-712, for recognition and application of these factors.

{¶56} Nevertheless I concur in the result reached by the majority.  While I find ordering the victims back inside the KFC was conduct incidental to the aggravated robbery of KFC, it was conduct independent of the already completed aggravated robberies of the two individuals while in the car.  Their continued restraint and movement into KFC was not incidental to those crimes; therefore, I concur the kidnapping offenses do not merge with the two aggravated robbery convictions concerning Ms. Horner and Mr. Schwartz.

_s/ William B. Hoffman_____

HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| REGINALD PITTMAN | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10CAA110087 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.    Costs to appellant.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

 s/ William B. Hoffman_____

JUDGES