[Cite as *State v. Stall*, 2011-Ohio-5733.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  3-10-12

      v.

MALCOLM STALL,                     O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 09-CR-0170

Judgment Reversed and Cause Remanded

Date of Decision:  November 7, 2011

APPEARANCES:

    *Geoffrey L. Stoll*  for Appellant

    *Clifford J. Murphy*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Malcom Stall (hereinafter "Stall"), appeals the Crawford County Court of Common Pleas' judgment denying his motion to merge offenses as allied offenses of similar import. For the reasons stated herein, we reverse.

{¶2} The instant case is before us upon remand after the Ohio Supreme Court vacated our original judgment in *State v. Lee, et al.*, 190 Ohio App.3d 581, 2010-Ohio-5672, 943 N.E.2d 602 (hereinafter "*Lee I*") for our application of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. *State v. Stall*, 128 Ohio St.3d 501, 2011-Ohio-1960, 946 N.E.2d 756.

{¶3} We set forth the applicable facts and procedural history of the case in *Lee I* and repeat those herein:

{¶4} At approximately 11:00 p.m., Weese went to the back door and knocked on the door. Mrs. Siclair got up, went to answer the back door, and saw a young man (Weese) with a coat covering his mouth. Weese informed Mrs. Siclair that he had a question for her, at which point Weese pushed the door open with such force that it knocked Mrs. Siclair to the ground, causing her to hit her head on the back of an end table and suffer a concussion. Additionally, Mrs. Siclair stated that after she was pushed and hit her head on the end table, she was also punched

in the face, which resulted in a cut to her head that required seven stitches at the hospital.

{¶5} Upon gaining entry in the house, Lee and Weese proceeded to search the house for the $40,000 they believed was hidden in a freezer in the basement. Meanwhile, Stall dragged Mrs. Siclair from the porch into the kitchen and wrapped duct tape around her head to cover her mouth. Mrs. Siclair testified that while searching the house, defendants repeatedly demanded that she disclose the location of the money and drugs, and when she did not give them a location, she was hit with a closed fist. In addition, Mrs. Siclair testified to the difficulty she had breathing due to the duct tape, the pain from being struck repeatedly, along with the fact that she suffers from COPD (chronic obstructive pulmonary disease). During the entire home invasion, Mr. Siclair was asleep in a different room and, because of a severe hearing disability, did not hear anything.

{¶6} Eventually, after cutting the telephone cords to the house, defendants left the home and took with them jewelry and drugs that they had found inside the Siclairs' house. Subsequent to defendants' departure, Mrs. Siclair crawled her way to where her husband was sleeping, woke him up, and used a cell phone to call the police.

{¶7} On November 9, 2009, the Crawford County Grand Jury indicted all three defendants with the following charges:[1] aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree; aggravated robbery in violation of R.C. 2911.01(A)(3), a felony of the first degree; and felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. Stall was additionally charged with kidnapping in violation of R.C. 2905.01(A)(3), a felony of the first degree. Lee was indicted in case No. 09-CR-0169 (appellate case No. 3-10-11), Stall was indicted in case No. 09-CR-0170 (appellate case No. 3-10-12), and Weese was indicted in case No. 09-CR-0179 (appellate case No. 3-10-13).

{¶8} Defendants were arraigned on November 16, 2009. Defendants filed a joint motion to continue their trials on January 8, 2010. Along with the motion to continue, the motion also requested that the trial court issue an order precluding convictions on the counts of aggravated robbery, felonious assault, and kidnapping. Defendants argued in their motion that, pursuant to R.C. 2941.25, the felonious assault and the kidnapping counts were allied offenses of similar import to the aggravated robbery count; and therefore, as to these counts, they could only be convicted of aggravated robbery. The state filed its response to defendants'

---

[1] Two of the defendants were indicted on additional counts for actions committed separately from the October 2009 home invasion. Defendant Lee was also indicted on two additional counts, breaking and entering and aggravated robbery, with respect to separate events that had taken place in September 2009. Defendant Stall was also indicted on one unrelated count of possession of drugs.

motion on January 11, 2010, claiming that the issue of merger could be determined only at the sentencing phase of the trial.

{¶9} On January 11, 2010, the trial court issued its order, denying the portion of the motion that was seeking a continuance of the trial date. Thereafter, on January 21, 2010, defendants appeared before the trial court, entered pleas of guilty to the charges set forth in the indictments, and requested to reserve the right to argue the issue of merger at sentencing. Entries of conviction were issued on February 1, 2010.

{¶10} On March 4, 2010, defendants filed their response to the state's memorandum in opposition to the merger. On that same date, the state filed its brief on the merger issue, and on March 5, 2010, defendants filed their brief on the same issue.

{¶11} A hearing on the merger issue was held on March 5, 2010. Defendant Lee, Mrs. Siclair, and Detective Chad Filliater testified at the hearing. Following the presentation of the evidence, the trial court allowed defendants and the state time to present their written closing arguments. Defendants and the state filed their final briefs on March 15, 2010. Thereafter, on March 31, 2010, the trial court issued its ruling, denying the motion to merge the offenses of felonious assault and kidnapping with the offense of aggravated robbery.

{¶12} Defendants were sentenced on April 5, 2010, as follows: on the aggravated burglary offense, Lee, Weese, and Stall were all sentenced to ten years in prison; on the aggravated robbery offense, Lee, Weese, and Stall were all sentenced to ten years in prison; on the felonious assault offense, Lee, Weese, and Stall were all sentenced to eight years in prison; and Stall was sentenced to ten years in prison on the kidnapping offense. All of defendants' prison sentences, including the additional unrelated sentences, were ordered to be served consecutively.

{¶13} On April 27, 2010, Stall filed a notice of appeal from the trial court's judgment entry of sentence and entry denying his motion for merger. (Doc. No. 32). On appeal, Stall presented the following assignment of error: "The trial court erred in failing to hold that the offenses of aggravated robbery, felonious assault and kidnapping were allied offense of similar import; requiring merger of the offenses for purposes of sentencing." (Appellants' Brief at iii); *Lee*, 2010-Ohio-5672, at ¶15. We ultimately held that the trial court did not err by failing to merge Stall's aggravated robbery and felonious assault convictions since the two offenses were committed separately and with separate animus. Id. at ¶26. However, we held that the trial court did err by failing to merge Stall's aggravated robbery and kidnapping convictions since the kidnapping offense was not committed separately or with separate animus from the aggravated robbery but was "merely

-6-

incidental to the underlying crime," relying upon the Ohio Supreme Court's decision in *State v. Logan* (1979), 60 Ohio St.2d 126, 397 N.E.2d 1345. Id. at ¶33.

**{¶14}** Both the State of Ohio and Stall appealed our decision to the Ohio Supreme Court. The Ohio Supreme Court accepted the State's discretionary appeal, declined Stall's discretionary appeal, vacated the portion of our previous judgment entry pertaining to Stall, and remanded the case for our application of *State v. Johnson*, 2010-Ohio-6314. Consequently, the issue presented upon remand is whether Stall's aggravated robbery and kidnapping convictions were allied offenses of similar import in light of *State v. Johnson*.[2] Therefore, we now will consider Stall's original assignment of error with respect to the aggravated robbery and kidnapping convictions only.

**{¶15}** Whether offenses are allied offenses of similar import presents a question of law we review de novo. *State v. Brown*, 3d Dist. No. 1-10-31, 2011-Ohio-1461, ¶36, citing *State v. Loomis*, 11th Dist. No. 2002-A-0102, 2005-Ohio-1103, ¶8.

**{¶16}** R.C. 2941.25 is Ohio's multiple-count statute, and provides:

**(A)  Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the**

---

[2] We did not apply *Johnson* in our original opinion since *Johnson* was decided on December 29, 2010 *after* we released *Lee I* on November 22, 2010. Furthermore, we note that Stall filed a motion for reconsideration under App.R. 26(A) on December 3, 2010, which we denied on December 22, 2010, again *prior* to *Johnson*.

**indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.**

**(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.**

{¶**17**} In *State v. Johnson*, the Ohio Supreme Court examined R.C. 2941.25

in light of its previous allied offense case law and stated, in relevant part:

**{¶47} Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct. Thus, the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger.**

**{¶48} In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. *Blankenship*, 38 Ohio St.3d at 119, 526 N.E.2d 816 (Whiteside, J., concurring) ("It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses." [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.**

**{¶49} If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." *Brown*, 119 Ohio St.3d**

**447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting).**

**{¶50} If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.**

**{¶51} Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.**

2010-Ohio-6314, at ¶¶47-51.

{¶18} The offense of aggravated robbery is codified in R.C. 2911.01. R.C. 2911.01(A)(3), under which Stall was convicted, provides: "[n]o person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, or attempt to inflict, serious physical harm on another." The offense of kidnapping is codified in R.C. 2905.01. R.C. 2905.01(A)(3), under which Stall was convicted, provides: "[n]o person, by force, threat, or deception * * * shall remove another from the place where the other person is found or restrain the liberty of the other person * * * [t]o terrorize, or to inflict serious physical harm on the victim or another[.]"

{¶19} After Mrs. Siclair was knocked to the ground and punched in the face (the felonious assault charge), defendants Lee and Weese began to search the house for the money and drugs they believed were hidden in the basement freezer.

During that time, Stall dragged Mrs. Siclair from the porch into the kitchen and wrapped duct tape around her head to cover her mouth. After taping her mouth, the defendants began asking Mrs. Siclair for the location of the money and drugs, and when Mrs. Siclair would not respond, she was hit with a closed fist. After reviewing the facts, we conclude that Stall's conduct constituting an aggravated robbery under R.C. 2911.01(A)(3) also constituted a kidnapping under R.C. 2905.01(A)(3). *Johnson*, 2010-Ohio-6314, ¶48. See, also, *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶204, citing *State v. Jenkins*, 15 Ohio St.3d 164, 198, 473 N.E.2d 264, fn. 29 and *State v. Fears* (1999), 86 Ohio St.3d 329, 344, 715 N.E.2d 136 ("a kidnapping is implicit within every aggravated robbery.")

{¶20} After reviewing the facts, we are also still persuaded that Stall's conduct was "a single act, committed with a single state of mind"—that is Stall's conduct constituting the kidnapping offense was merely incidental to and in furtherance of the aggravated robbery. *Johnson*, 2010-Ohio-6314, at ¶49, citing *Brown*, 2008-Ohio-4569, at ¶50 (Lanzinger, J., dissenting). Our conclusion was *and still is* supported by the Ohio Supreme Court's decision in *State v. Logan*, where the Court held:

> **In establishing whether kidnapping and another offense of the same or similar kind are committed with a separate animus as to**

> **each pursuant to R.C. 2941.25(B), this court adopts the following guidelines:**
>
> **(a)  Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;**
>
> **(b)  Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.**

60 Ohio St.2d 126, syllabus.  Mrs. Siclair's restraint and movement from the front porch of her house into her kitchen was incidental to the aggravated robbery. *Jenkins*, 15 Ohio St.3d at 197 (kidnapping was incidental to robbery where defendant, in the course of a bank robbery, aimed a firearm at certain individuals and ordered others in the bank to move to the rear of the building).  The restraint was not prolonged beyond the time the defendants required to effectuate the aggravated robbery, and the movement was minimal. *State v. Winn*, 173 Ohio App.3d 202, 2007-Ohio-4327, 877 N.E.2d 1020, ¶33 (moving victim from the hallway to the bedroom was minimal).  Furthermore, the movement of the victim and her restraint did not subject her to a substantial increase in risk of harm separate and apart from the aggravated robbery itself. Compare *State v. Foust*, 105

Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d 836, ¶142 (separate animus existed for kidnapping where victim's leg was tied to a bathtub and the house set on fire); *State v. Hartman* (2001), 93 Ohio St.3d 274, 280-81, 754 N.E.2d 1150 (separate animus for kidnapping when victim had been tied to a bed, gagged, stabbed 138 times, strangled, and had had her throat slit). For these reasons, we cannot conclude that Stall committed the kidnapping offense with a separate animus sufficient to support separate convictions.

{¶21} It is important to note that *Logan*, upon which we relied in *Lee I* and continue to rely upon here, was decided twenty years prior to *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, which was overruled in *Johnson*, supra. *State v. O'Neil*, 11th Dist. No. 2010-P-0041, 2011-Ohio-2202, ¶46 ("The *Johnson* test reflects the approach followed by the Supreme Court of Ohio prior to its decision in *Rance*. * * * Thus, the court's decisions prior to *Rance* have renewed relevance."). The Ohio Supreme Court has cited *Logan* at least twenty (20) times since its release, and we are not persuaded that *Johnson* affected *Logan*'s continuing applicability. In fact, the Court of Appeals has continued to apply *Logan*'s syllabus to determine whether aggravated robbery and kidnapping convictions were committed with separate animus under *Johnson*. *State v. Howard*, 1st Dist. No. C-100240, 2011-Ohio-2862, ¶¶57, 59; *State v. Small*, 5th Dist. No. 10CAA110088, 2011-Ohio-4086, ¶¶86-95; *State v. Pittman*, 5th Dist.

No. 10CAA110087, 2011-Ohio-4085, ¶49; *State v. Hicks*, 8th Dist. No. 95169, 2011-Ohio-2780, ¶¶11-21; *State v. Walker*, 8th Dist. No. 94875, 2011-Ohio-1556, ¶¶40-42; *State v. Burton*, 8th Dist. No. 94449, 2011-Ohio-198, ¶¶27-32; *State v. Sidibeh* (10th Dist.), 192 Ohio App.3d 256, 2011-Ohio-712, 948 N.E.2d 995, ¶¶58-60; *State v. McCullough*, 12th Dist. Nos. CA2010-04-006, CA2010-04-008, 2011-Ohio-992, ¶20 (*Logan* appears to remain valid following *Johnson*).

**{¶22}** Since Stall's conduct constituted both an aggravated robbery and a kidnapping and no separate animus exists to separately support the kidnapping conviction, the trial court erred by failing to merge Stall's kidnapping and aggravated robbery convictions for purposes of sentencing under *Johnson and Logan*, supra.

**{¶23}** Stall's assignment of error is, therefore, sustained to the extent expressly stated herein.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**