[Cite as *State v. Jones*, 2020-Ohio-3919.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
CRAWFORD COUNTY


STATE OF OHIO,

     PLAINTIFF-APPELLEE,                CASE NO.  3-19-11

     v.

CALEB M. JONES,                   O P I N I O N

     DEFENDANT-APPELLANT.


Appeal from Crawford County Common Pleas Court
Trial Court No. 19-CR-0054

Judgment Affirmed

Date of Decision:   August 3, 2020


APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Matthew E. Crall and Ryan M. Hoover* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Caleb M. Jones ("Jones"), appeals the August 29, 2019 judgment entry of sentence of the Crawford County Court of Common Pleas. We affirm.

{¶2} On February 5, 2019, the Crawford County Grand Jury indicted Jones on three counts: Count One of importuning in violation of R.C. 2907.07(A), (C)(1), a third-degree felony, and Counts Two and Three of rape in violation of R.C. 2907.02(A)(1)(b), first-degree felonies. (Doc. No. 1). Jones entered a written plea of not guilty to all counts of the indictment on February 8, 2019. (Doc. No. 4).

{¶3} On February 25, 2019, Jones filed a motion for a competency evaluation, which the trial court granted on March 12, 2019. (Doc. Nos. 11, 12). Following a competency hearing on April 18, 2019, the trial court determined that Jones was competent to stand trial. (Apr. 18, 2019 Tr. at 5-6).

{¶4} On August 29, 2019, Jones withdrew his pleas of not guilty and entered guilty pleas, under a written plea agreement, to Counts One and Two. (Doc. No. 23). In exchange for his change of pleas, the State agreed to dismiss Count Three of the indictment. (*Id.*). Further, as part of the agreement, the State recommended that Jones serve a sentence of 13 years to life in prison. (*Id.*). The trial court accepted Jones's guilty pleas, found him guilty of Counts One and Two, and dismissed Count Three. (*Id.*). That same day, the trial court sentenced Jones to 36

months in prison on Count One and 10 years to life in prison on Count Two and ordered that Jones serve the terms consecutively for an aggregate term of 13 years to life.[1] (Doc. No. 24). The trial court also classified Jones as a Tier III sex offender. (Doc. No. 25).

{¶5} On September 27, 2019, Jones filed a notice of appeal. (Doc. No. 28). He raises two assignments of error for our review.

### Assignment of Error No. I

**When a trial court takes a guilty plea to offenses by the Defendant-Appellant, and fails to advise the Defendant-Appellant of all of the matters as set forth in Criminal Rule 11(C)(2), a proper plea of guilty has not taken place, and the Defendant-Appellant's finding of guilty must be vacated.**

{¶6} In his first assignment of error, Jones argues that his guilty pleas were not made knowingly, intelligently, and voluntarily. In response, the State argues that such argument is not subject to appellate review under R.C. 2953.08(D)(1) since Jones's sentence was jointly recommended by the parties and imposed by the trial court. However, contrary to the State's contention, appellate review of the propriety of a no-contest or guilty plea is *not* precluded by R.C. 2953.08(D)(1). *See State v. Tillman*, 6th Dist. Huron No. H-02-004, 2004-Ohio-1967, ¶ 12 ("Although R.C. 2953.08(D) forecloses review of the actual sentences imposed by the judge pursuant to an agreed sentence upon a plea of guilty, appellate review of the judge's

---

[1] No presentence investigation report was ordered.

compliance with the dictates of Crim.R. 11(C), which governs the taking of guilty pleas, is still proper."), citing *State v. Sattiewhite*, 8th Dist. Cuyahoga No. 79365, 2002 WL 199900, *2 (Jan. 31, 2002). *See also State v. Spangler*, 4th Dist. Lawrence No. 16CA1, 2016-Ohio-8583, ¶ 14.

*Standard of Review*

{¶7} "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17 and 4-14-18, 2015-Ohio-926, ¶ 9, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "'"Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."'" *State v. Montgomery*, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 10, quoting *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7, quoting *Engle* at 527. Crim.R. 11(C)(2), which governs guilty pleas for felony-level offenses, provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the

court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶8} "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights." *Montgomery* at ¶ 11, citing *Veney* at ¶ 31. "'When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.'" *Id.*, quoting *Veney* at ¶ 31. "A trial court, however, is required to only substantially comply with the non-constitutional notifications in Crim.R. 11(C)(2)(a) and (b)." *Id.*, citing *Veney* at ¶ 14-17.

{¶9} "An appellate court reviews the substantial-compliance standard based upon the totality of the circumstances surrounding the defendant's plea and determines whether he subjectively understood the implications of his plea and the rights he waived." *Id.* at ¶ 12, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 20. "'Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

*Analysis*

**{¶10}** On appeal, Jones argues that his guilty pleas were not knowing, intelligent, or voluntary because the trial court did not strictly comply with the notifications required by Crim.R. 11(C)(2). That is, Jones contends that his guilty pleas were not knowing, intelligent, or voluntary because the trial court failed to advise him "that the court, upon acceptance of the plea, may proceed with judgment and sentence" as required by Crim.R. 11(C)(2)(b).

**{¶11}** Contrary to Jones's argument, a trial court is *not* required to strictly comply with the non-constitutional notifications in Crim.R. 11(C)(2)(b). *See id.* at ¶ 11, citing *Veney* at ¶ 14-17. Indeed, notifying a criminal defendant that the trial court may proceed with judgment and sentence after accepting the defendant's no-contest or guilty plea is a non-constitutional notification. Accordingly, as a non-constitutional notification, the trial court must substantially comply with that notification when accepting a defendant's no-contest or guilty plea.

**{¶12}** "Crim.R. 11(C)(2)(b) requires the trial court to inform the defendant of the effect of his guilty or no-contest plea and to determine whether he understands that effect." *State v. Jones*, 2d Dist. Montgomery No. 25688, 2014-Ohio-5574, ¶ 7, citing *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 12 and *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 10-12. *See also* Crim.R. 11(B). "To satisfy the effect-of-plea requirement under Crim.R. 11(C)(2)(b), a trial court must inform

the defendant, either orally or in writing, of the appropriate language in Crim.R. 11(B)." *Id.* at ¶ 8, citing *Jones* at ¶ 25, 51. In this case, under Crim.R. 11(B), the trial court was required to inform Jones that "[t]he plea of guilty is a complete admission of [his] guilt." Crim.R. 11(B)(1).

{¶13} Here, the trial court substantially complied (orally and in writing) with the notification required by Crim.R. 11(C)(2)(b). Specifically, at the change-of-plea hearing, the trial court during its Crim.R. 11 colloquy notified Jones (prior to accepting his guilty pleas), "Now it's time to basically ask you how you're going to plea in the charges, we'll deal with the Sexual Registration, Sex Offender Registration and then we'll proceed to sentencing." (Aug. 29, 2019 Tr. at 15).

{¶14} Likewise, Jones was notified that his guilty pleas constituted a complete admission of guilt and that the trial court could proceed to judgment and sentence after accepting his guilty plea in the written-plea agreement. *See State v. Miller*, 2d Dist. Montgomery No. 27079, 2017-Ohio-478, ¶ 13; *State v. Chance*, 7th Dist. Mahoning No. 11-MA-27, 2012-Ohio-1266, ¶ 14; *State v. Summerall*, 10th Dist. Franklin No. 02AP-321, 2003-Ohio-1652, ¶ 12. Specifically, the written-plea agreement reflects that Jones acknowledged that "[b]y pleading, [he] admit[s] the truth of the facts and circumstances alleged" and that he was aware that "the judge may either sentence [him] today or refer [his] case for a presentence report." (Doc. No. 23).

{¶15} Accordingly, we conclude that the trial court substantially complied with the notification requirement in Crim.R. 11(C)(2)(b), and that Jones's guilty pleas were made knowingly, intelligently, and voluntarily.

{¶16} Jones's first assignment of error is overruled.

**Assignment of Error No. II**

**The offenses of importuning and rape must be merged for sentencing when the record fails to demonstrate a significant separation in time between the act of soliciting and the act of sexual conduct.**

{¶17} Jones argues under his second assignment of error that the trial court erred by failing to merge his rape and importuning convictions. Specifically, Jones contends that "without separation between the conduct and for that matter the harm associated with the conduct, the offenses must merge * * * ." (Appellant's Brief at 11).

{¶18} Similar to its response to Jones's first assignment of error, the State proposes that Jones's allied-offense argument is precluded from appellate review by virtue of R.C. 2953.08(D)(1) since Jones's sentence was jointly recommended by the parties and imposed by the trial court. The State's argument is misplaced. "When a sentence is imposed for multiple convictions on offenses that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D)(1) does not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court." *State v. Underwood*, 124 Ohio St.3d 365,

2010-Ohio-1, paragraph one of the syllabus. *See also State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 20.

{¶19} R.C. 2953.08(D)(1) can preclude appellate review of an allied-offenses argument when the State and a defendant stipulate that the offenses were committed with separate animus. *See Underwood.* at ¶ 29 ("With respect to the argument that the merger of allied offenses will allow defendants to manipulate plea agreements for a more beneficial result than they bargained for, we note that nothing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence."). However, "[w]hen the plea agreement is silent on the issue of allied offenses of similar import, * * * the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense." *Id.* Here, because the plea agreement is silent on the issue of allied offenses of similar import, the trial court was obligated to determine whether the rape and importuning offenses were allied offenses of similar import. *Compare Rogers* at ¶ 20 (noting that "nothing in this record indicates that by pleading guilty, Rogers intended to relinquish the opportunity to argue that he committed his offenses with the same conduct and the same animus"). Accordingly, we will review Jones's allied-offenses argument.

*Standard of Review*

**{¶20}** Whether offenses are allied offenses of similar import is a question of law that this court reviews de novo. *State v. Stall*, 3d Dist. Crawford No. 3-10-12, 2011-Ohio-5733, ¶ 15, citing *State v. Brown*, 3d Dist. Allen No. 1-10-31, 2011-Ohio-1461, ¶ 36. "De novo review is independent, without deference to the lower court's decision." *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27.

*Analysis*

**{¶21}** R.C. 2941.25, Ohio's multiple-count statute, states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶22}** The Supreme Court of Ohio directs us to apply a three-part test to determine whether a defendant can be convicted of multiple offenses:

As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of

> the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, ¶ 12, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 12 and *Ruff* at paragraphs one, two, and three of the syllabus.

**{¶23}** "As explained in *Ruff*, offenses are of dissimilar import 'when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.'" *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 77, quoting *Ruff* at paragraph two of the syllabus. "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial * * * will reveal whether the offenses have similar import." *Ruff* at ¶ 26. "[A] defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense." *Id.*

**{¶24}** "The term 'animus' means '"purpose or, more properly, immediate motive."'" *State v. Ramey*, 2d Dist. Clark No. 2014-CA-127, 2015-Ohio-5389, ¶ 70, quoting *State v. Grissom*, 2d Dist. Montgomery No. 25750, 2014-Ohio-857, ¶ 40, quoting *State v. Logan*, 60 Ohio St.2d 126, 131 (1979).[2] "'Where an individual's

---

[2] Although the "two-step" analysis prescribed by the Supreme Court of Ohio in *Logan* has been overruled, the Court's discussion of animus remains relevant under the current tripart test prescribed in *Ruff*. *See, e.g.*, *State v. Lundy*, 8th Dist. Cuyahoga No. 105117, 2017-Ohio-9155, ¶ 26 ("Although *Logan* predates *Ruff*, Ohio

immediate motive involves the commission of one offense, but in the course of committing that crime he must * * * commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime.'" *Id.*, quoting *Logan* at 131.

**{¶25}** "'Like all mental states, animus is often difficult to prove directly, but must be inferred from the surrounding circumstances.'" *Id.* at ¶ 71, quoting *Logan* at 131. "'Thus the manner in which a defendant engages in a course of conduct may indicate distinct purposes.'" *Id.*, quoting *State v. Whipple*, 1st Dist. Hamilton No. C-110184, 2012-Ohio-2938, ¶ 38. "'Courts should consider what facts appear in the record that "distinguish the circumstances or draw a line of distinction that enables a trier of fact to reasonably conclude separate and distinct crimes were committed."'" *Id.*, quoting *Whipple* at ¶ 38, quoting *State v. Glenn*, 8th Dist. Cuyahoga No. 94425, 2012-Ohio-1530, ¶ 9.

**{¶26}** Jones was convicted of rape in violation of R.C. 2907.02(A)(1)(b) and importuning in violation of R.C. 2907.07(A), (C)(1).[3] R.C. 2907.02 sets forth the

---

courts continue to apply the guidelines set forth in *Logan* to determine whether * * * offenses were committed with a separate animus, in accordance with the third prong of the *Ruff* test.").

[3] Although a violation of R.C. 2907.07(A) and (C)(1) constitute separate offenses, the trial court's failure to specify which subsection of Ohio's importuning statute that it was entering a finding of guilt to is harmless error in this case since a violation of R.C. 2907.07(A) and (C)(1) are both third-degree-felony offenses and because the trial court imposed only one sentence. *See* Crim.R. 52(A). *See also* R.C. 2907.07(F)(2) (noting that "a violation of division (A) *or* (C) of this section is a felony of the third degree on a first offense"). Based on the recitation of Jones's allied-offenses argument in his brief, we will proceed to address whether his finding of guilt for a violation of rape in violation of R.C. 2907.02(A)(1)(b) is subject to merger with Jones's finding of guilt for a violation of importuning in violation of R.C. 2907.07(C)(1). (*See* Appellant's Brief at 9).

elements of the crime of rape and provides, in relevant part: "No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * "[t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." R.C. 2907.02(A)(1)(b). "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. 2901.22(A).

{¶27} R.C. 2907.07 sets forth the elements of the crime of importuning and provides, in its relevant part:

> (C) No person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity with the offender when the offender is eighteen years of age or older and either of the following applies:
>
> (1) The other person is less than thirteen years of age, and the offender knows that the other person is less than thirteen years of age or is reckless in that regard.

R.C. 2907.07(C)(1).

{¶28} Although the record is largely devoid of any evidence describing Jones's conduct underlying his findings of guilt, we conclude that Jones's rape and importuning convictions do not merge because Jones's conduct in luring the victim by text message to leave school "out a side door, where [Jones] was ready to pick

her up and whisk her away to no doubt engage in inappropriate conduct" was not the same conduct that constituted the rape. *See State v. Coleman*, 3d Dist. Allen No. 1-13-53, 2014-Ohio-5320, ¶ 58. In other words, Jones did not solicit the victim to engage in sexual activity and engage in sexual conduct with the victim with a single state of mind. Rather, they were separate acts with separate states of mind. *See State v. Fortner*, 7th Dist. No. 16 BE 0007, 2017-Ohio-4004, ¶ 18 (concluding that the crimes of importuning and attempted unlawful sexual conduct with a minor did not merge because there are two separate acts, harms, and animi. One act, harm, and animus was soliciting a child between fourteen and sixteen years old to engage in sexual activity. The other act, harm, and animus is taking the steps to engage in unlawful sexual conduct with a minor"). Accordingly, we conclude that Jones committed the rape and importuning offenses with separate conduct and with separate animus for each offense. Therefore, Jones's rape and importuning offenses are not allied offenses of similar import, and the trial court did not err by not merging Jones's rape and importuning convictions for purposes of sentencing.

{¶29} Jones's second assignment of error is overruled.

{¶30} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW, P.J. and PRESTON, J., concur.**

Case No. 3-19-11

**/jlr**