[Cite as *State v. Chambers*, 2023-Ohio-1107.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                      CASE NO.  3-22-41

     v.

THOMAS CHAMBERS,                         O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No.  22-CR-0246

**Judgment Affirmed**

**Date of Decision:  April 3, 2023**

APPEARANCES:

     *Christopher Bazeley* **for Appellant**

     *Bailey Higgins* **for Appellee**

**WALDICK, J.**

{¶1} Defendant-appellant, Thomas Chambers ("Chambers"), brings this appeal from the September 27, 2022, judgment of the Crawford County Common Pleas Court sentencing him to nine months in prison after he pled guilty to, and was convicted of, Aggravated Possession of Drugs. On appeal, Chambers argues that his plea was not knowing, intelligent, and voluntary. For the reasons that follow we affirm the judgment of the trial court.

*Background*

{¶2} On July 26, 2022, Chambers was indicted for Aggravated Possession of Drugs in violation of R.C. 2925.11(A), a fifth degree felony, and Illegal Use or Possession of Drug Paraphernalia in violation of R.C. 2925.14(C)(1), a fourth degree misdemeanor. Chambers originally pled not guilty to the charges.

{¶3} On September 26, 2022, Chambers entered into a written, negotiated plea agreement wherein he agreed to plead guilty to Aggravated Possession of Drugs as charged. In exchange, the State agreed to dismiss the remaining charge.

{¶4} Subsequently, the trial court conducted a Crim.R. 11 dialogue with Chambers and determined that he was entering a knowing, intelligent, and voluntary guilty plea. Chambers's plea was accepted and he was found guilty.

{¶5} The case proceeded immediately to sentencing, with the trial court sentencing Chambers to serve a nine-month prison term. A judgment entry

memorializing his sentence was filed September 27, 2022. It is from this judgment that Chambers appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**Chambers' guilty plea was not knowingly or intelligently given.**

{¶6} In his assignment of error, Chambers contends that his plea was not knowing and intelligent because the trial court did not adequately inform him that his plea was a complete admission of guilt.

Relevant Authority

{¶7} "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17 and 4-14-18, 2015-Ohio-926, ¶ 9, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Engle* at 527.

{¶8} Criminal Rule 11(C)(2), which governs guilty pleas for felony-level offenses, provides:

> **In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:**
>
> **(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**

-3-

**(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**

**(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.**

{¶9} A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 31. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid. *Id*. However, a trial court is only required to substantially comply with the non-constitutional notifications in Crim.R. 11(C)(2)(a) and (b). *Id*. at ¶ 14-17.

{¶10} An appellate court reviews the substantial-compliance standard based upon the totality of the circumstances surrounding the defendant's plea and determines whether he subjectively understood the implications of his plea and the rights he waived. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 20. "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *

Case No. 3-22-41

\* \* The test is whether the plea would have otherwise been made." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

Analysis

**{¶11}** Chambers's contention that the trial court failed to inform him of the "effect of his plea" requires us to review a portion of the Crim.R. 11 dialogue from the change-of-plea hearing. During the following exchange, the trial court discussed the rights Chambers would be waving by entering his guilty plea in this case.

**THE COURT: Is this your signature on the Plea Agreement?**

**MR. CHAMBERS: Yes, sir.**

**THE COURT: Okay, No. 1, you're giving up you're right to have a full Jury Trial; do you understand that?**

**MR. CHAMBERS: Yes, sir.**

**THE COURT: At this Jury Trial you could Cross-Examine the State's witnesses, you could require the State to prove your guilt beyond any reasonable doubt, all 12 Jurors would have to unanimously find you guilty before I could enter a finding of guilty. You would have to have, you would have the right to use the Subpoena power of the Court to Summon witnesses to come in for you, but you could not be forced to testify against yourself; do you understand that?**

**MR. CHAMBERS: Yes, sir.**

**THE COURT: All right, so there is no recommendation in this case. I've explained Community Control to you, Post-Release Control to you, the sentences that are available, I've explained the rights that you're giving up, by pleading guilty you're basically admitting the charge, waiving any defenses. It's a little different,**

-5-

**but I think I've covered everything, did I cover everything from the State, Defense, does anybody have anything that I've missed?**

**[PROSECUTOR]: No, Your Honor.**

**[DEFENSE COUNSEL]: No, Your Honor.**

(Sept. 26, 2022, Tr. at 5-7).

{¶12} Chambers contends that the trial court's statement of "by pleading guilty you're basically admitting the charge, waving any defenses" did not explain the effect of his guilty plea, making his plea invalid. More specifically, he argues that the trial court failed to inform him that his plea of guilty constituted "a complete admission of [his] guilt." Crim.R. 11(B)(1).

{¶13} In our own review of the matter, we emphasize that a trial court's " '[l]iteral compliance with Crim.R. 11, in all respects, remains preferable to inexact plea hearing recitations.' " *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 29, quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 19, fn. 2. Nevertheless, "literal compliance" is not the standard; rather, the standard for evaluating whether a defendant was informed of the effect of his plea is "substantial compliance." *State v. Jones*, 3d Dist. Crawford No. 3-19-11, 2020-Ohio-3919, ¶ 11.

{¶14} Here, Chambers was informed at the plea hearing that he was admitting the charge and waving any defenses. In addition, his written plea agreement, which he signed prior to the Crim.R. 11 dialogue, also contained the

language, "By pleading, I admit the truth of the facts and circumstances alleged."[1] (Doc. No. 11). We have previously held that nearly identical language constituted substantial compliance with Crim.R. 11(C)(2)(b)/(B)(1). *Jones*, *supra*, at ¶ 14 ("Specifically, the written-plea agreement reflects that Jones acknowledged that "[b]y pleading, [he] admit[s] the truth of the facts and circumstances alleged[.]").

{¶15} Moreover, even if the trial court had failed to substantially comply with Crim.R. 11, Chambers has demonstrated no prejudice here. He has presented no evidence that he would not have entered his plea if the trial court had used the actual language contained in Crim.R. 11 regarding the effect of his guilty plea. *State v. Lindemayer*, 5th Dist. Licking No. 08-CA-142, 2009-Ohio-3982, ¶ 77. Finally, he did not assert a claim of actual innocence at the plea hearing. "A defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, at syllabus

{¶16} In sum, based on the record before us, we find that the trial court was in substantial compliance with Crim.R. 11, and that, in any event, Chambers has demonstrated no prejudice from any alleged departure from Crim.R. 11. Chambers

---

[1] Chambers actually focuses his argument in his brief by arguing that the written plea agreement did not adequately inform him of the effect of his plea. However, he can be informed orally or in writing of the effect of his plea, thus both the Crim.R. 11 dialogue and his written plea agreement are relevant to a determination of whether he was adequately informed of the effect of his plea. *See State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 51.

has thus not demonstrated that his plea was anything less than knowing, intelligent, and voluntary. For all of these reasons, Chambers's assignment of error is overruled.

*Conclusion*

**{¶17}** Having found no error prejudicial to Chambers in the particulars assigned and argued, we affirm the judgment of the Crawford County Common Pleas Court.

***Judgment Affirmed***

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/jlr**